## SALISBURY v. ROCKPORT IRR. CO.

No. 4547. Decided January 25, 1932. (7 Pac. [2d] 291.)
Rehearing denied July 23, 1932.

*P. H. Neeley,* of Coalville, and *Badger, Rich & Rich,* of Salt Lake City, for appellant.

*P. C. Evans* and *E. A. Walton,* both of Salt Lake City, for respondent.

CHERRY, C. J.

The plaintiff brought this action against defendant to recover damages alleged to have been suffered on account of water being cast upon her land from an irrigation canal belonging to defendant and for an injunction against future injuries. The defendant denied the alleged wrongs complained of by plaintiff, and by counterclaim asserted an easement through the channel of Three Mile creek, a natural stream running across plaintiff's lands for the purpose of conducting flood and surplus waters from its canal to the Weber river, and prayed for a decree establishing its ownership of the easement and an injunction against interference therewith by the plaintiff.

A trial by the court resulted in a judgment dismissing the plaintiff's cause of action for damages, and the entry of a decree to the effect that the defendant had the right to

discharge excess or flood waters into the creek running across plaintiff's lands, "at such times as there shall be sufficient space therein to carry such excess or flood waters without flooding or trespassing upon the lands of the plaintiff." No order was made concerning costs.

The defendant, being dissatisfied with the relief granted, has appealed, contending that the judgment is erroneous because (1) the court failed to render a judgment upon plaintiff's cause of action for an injunction, (2) because of limitations imposed upon the defendant's right to discharge flood waters into the channel of Three Mile creek, and (3) because no order was made allowing costs to defendant.

The first assignment is without merit. The failure of the court to formally deny an injunction to the plaintiff results in no prejudice to defendant. The denial of the plaintiff's cause of action for damages, which was the basis for the injunction prayed for, was in substance and effect a denial of the injunction. At any rate, no injunction was granted.

With respect to the limitations imposed upon the easement decreed to defendant, there is no ground for complaint by defendant.

Three Mile creek arises in the mountains west of plaintiff's lands, and flows in a general easterly direction across the plaintiff's lands to the Weber river. The defendant's canal is constructed along the foothills west of plaintiff's lands, and extends from south to north, crossing Three Mile creek at a point west of and opposite plaintiff's lands. The right pleaded by defendant was to discharge excess or flood waters from its canal into Three Mile creek through the channel of which the same would flow across plaintiff's lands to the Weber river. It asserted no claim to flood the plaintiff's lands, and in its proof was particular to show that it never had flooded them. Its claim was based upon many years' use of the creek for the purposes mentioned, and its proof was that such use was always limited to the capacity of the creek channel. An easement acquired by

prescription is always limited by the use made during the prescriptive period. Under the pleadings and the evidence in the case, the court was bound to limit the defendant's right to the capacity of the creek channel, and this of necessity meant, as provided in the decree, that additional capacity to carry water over and above the water naturally flowing in the creek. In so limiting the defendant's right the trial court committed no error.

Neither has the appellant any just complaint because no order was made for costs. Under the holding of this court in *Smith* v. *Gilbert,* 49 Utah 410, 164 P. 1026, costs in cases of this nature are discretionary as provided in Comp. Laws 1907, § 3341 (Comp. Laws 1917, § 7038). In this case nothing appears from which it can be said that sound discretion was not exercised in declining to award costs to either party.

The judgment is affirmed.

STRAUP, ELIAS HANSEN, FOLLAND, and EPHRAIM HANSON, JJ., concur.